■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARDO CADAVID and EDGAR I. DIAZ, Appellants.—Appeals by defendants from two judgments, one as to each of them, of the Supreme Court, Suffolk County, both rendered November 22, 1977, convicting each of them of criminal sale of a controlled substance in the first degree and also convicting defendant Cadavid of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentences. Judgments affirmed. The first and presumably the strongest point for reversal advanced by appellants in their briefs is that the trial court abused its discretion by not granting each of them a trial severance. Although the criminal acts giving rise to the indictment occurred on May 27, 1977 and the indictment itself was handed up on June 2, 1977, the motion for the relief sought was not made—and then orally—until September 6, 1977, the date set for the selection of a jury. On the latter date, the attorneys for the three defendants (Jairo Henao, not involved in these appeals, was indicted with the appellants), the trial Assistant District Attorney and the court conferred in chambers. The defendants were not present, but counsel representing Diaz and Henao said their clients would give testimony exonerating Cadavid if the latter was tried separately. Except for one isolated and disputed item, the fact pattern revealed a commonplace sale of cocaine to undercover agents posing as purchasers. The sale was consummated in an automobile. The occupants were Henao (the driver), Cadavid (front-seat passenger), Diaz (seated behind the driver) and an agent seated behind Cadavid. The exceptional item is

that two of the defense attorneys (speaking for Diaz and Henao), said that Cadavid was helplessly drunk at the time of the arrest at the scene of the sale and could not possibly have participated in it. An embellishment of the story is that the sole reason Cadavid was at the scene is that Henao was going to drive him home. The police gave an entirely different reason for Cadavid's presence. To them he was the kingpin of the transaction and, far from being drunk, he was in full possession of his faculties. The agent in the car testified that he was handed a package by Diaz who said "It is only half." When the agent asked for the remainder, Diaz got another package from Cadavid, which the latter took from his pocket. There was also prosecution testimony to the effect that upon arrest Cadavid threw a packet of cocaine under the car, and that additional cocaine was found upon his person. No mention of intoxication was made at the scene, nor, for that matter, until months later at the time of the *in camera* conference. After hearing the diametrically conflicting stories, the court denied the motion for a severance with leave to renew at the end of the People's case. No renewal motion was thereafter made. It is now claimed that the Trial Judge abused his discretion in denying the motion for severance. The severance statute is CPL 200.40 (subd 1), which reads: "Two or more defendants may be jointly charged in a single indictment provided that all such defendants are jointly charged with every offense alleged therein. Even in such case, the court, upon motion of a defendant or the people made within the period provided by section 255.20, may for good cause shown order in its discretion that any defendant be tried separately from the other or from one or more or all of the others." The appellants correctly note that until 1926 each defendant had an absolute right to a separate trial. And, to the extent indicated in CPL 200.40 (subd 1), the right still survives. By the Laws of 1974 (ch 763, § 1), the Legislature enacted CPL 255.20 ("Pre-trial motions; procedure"), which pertinently provides that: "1. Except as otherwise expressly provided by law * * * all pre-trial motions shall be made within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment." *People v Bornholdt* (33 NY2d 75) has certain striking similarities to the instant case. There Bornholdt and one Victory were embroiled in an altercation with a police officer. Bornholdt shot and killed the patrolman, and he and Victory fled the scene. Both were indicted for felony murder and common-law murder. On the day set for trial Victory moved for a severance. He grounded his motion on an unsigned statement attributed to Bornholdt, which completely exonerated Victory of the shooting. The trial court denied the motion for a severance. Both defendants were convicted as charged. The judgments were affirmed. As to a severance motion, the court in *Bornholdt* said *(supra,* p 87): "The governing principles may be quickly set out. A motion for a separate trial is directed to the sound discretion of the trial court, subject to review only for an abuse thereof. *(People v. Owens,* 22 N Y 2d 93; see, also, *Opper v. United States,* 348 U.S. 84, 95; *United States v. Echeles,* 352 F. 2d 892 [7th Cir.].)" We conclude that the Trial Judge did not abuse his discretion in view of the fact that he granted leave to renew the application for a severance at the close of the People's case, albeit no such application was made. We have considered the other arguments advanced by the appellants in their respective briefs and find them to be without merit. Accordingly, we affirm. Mollen, P. J., Lazer, Gibbons, Gulotta and Cohalan, JJ., concur.